UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN MARCOS-CHAVELA,

                          Plaintiff,

    v.

OL REIGN GROUPE et al,

                          Defendants.

CASE NO. 2:23-cv-00897-TL

ORDER OF DISMISSAL

        This is a § 1983 action asserting various claims based on the display of certain flags. This

matter comes before the Court on its own motion, upon review of the record. For the reasons

below, this case is DISMISSED without prejudice and with leave to amend.

## I.   BACKGROUND

        Plaintiff Susan Marcos-Chavela brings this action against Defendants "OL Reign Groupe

France," Jeffrey Bezos, Lumen Field, Jody Allen, the Seattle Seahawks, and the City of Seattle.[1]

---

[1] These are the Defendants listed in the caption on the Complaint. Plaintiff's list of Defendants, provided on pages
two and three of the Complaint, appears to point at generally the same Defendants but with variations in the names

1   Dkt. No. 5 at 1. The Complaint is difficult to decipher and understand, but in essence, Plaintiff

2   seems to object to the June 2023 display of certain flags showing support for LGBTQIA+ rights

3   at Lumen Field. *See, e.g.*, *id.* at 3 ("offensive act in Lumen Field . . . flaunt the [*offensive*

4   *language*] – w/ symbolic flag"); *id.* at 6 ("continual use of a paid special event to promote

5   [*offensive language*] [*illegible*] personal delusion of false injuries – similar to NBA – Black

6   Lives Matter offensive!"). Plaintiff appears to allege that this "offensive act" affected the "entire

7   stadium, readership of Seattle Times, [and] 'word of mouth – indirect communication.'" *Id.*

8   Plaintiff also alleges other grievances, which appear to be related to this central complaint but are

9   otherwise difficult to understand. *See, e.g.*, *id.* at 7 ("continual abuse of [*illegible*] at personal

10  directive to put soul back in America – to – divest [*illegible*] now foreign French investors").

11      Plaintiff's causes of action appear to arise out of "freedom of worship" and "consumer

12  fraud" pursuant to 42 U.S.C. § 1983 ("Section 1983") and *Bivens*, which together permit certain

13  actions to be brought against state, local, and federal public officials. Dkt. No. 5 at 4–5. The

14  relief that Plaintiff seeks is, again, difficult to decipher but appears to be for astronomically high

15  numbers in unspecified currency. *See id.* at 7 ("Money – 200 billion 200 million . . . Taj Mahal

16  60 (bi) [*unintelligible*] . . . (60) bil . . . .").

17      Plaintiff proceeds *pro se*, or without legal representation. The Magistrate Judge granted

18  Plaintiff *in forma pauperis* status, permitting her to proceed without paying the filing fee, with a

19  recommendation that the Complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4.

20  Summons has not yet issued.

---

and descriptions of each Defendant. *See* Dkt. No. 5 at 1–3. A court may take judicial notice of facts "generally
known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b)(1). For the sake of clarity and context for
the purposes of this Order, the Court notes that "OL Reign" is the name of a Seattle-based professional women's
soccer team, "Lumen Field" is the name of a sports stadium complex located in Seattle, and "Seattle Seahawks" is
the name of a Seattle-based professional football team.

## II.   LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints . . . .").

This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). Even so, a court should "not supply essential elements of the claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Also, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). The Court is mindful that it ordinarily must grant leave to amend when it dismisses a *pro se* complaint unless the pleading cannot be cured by amendment. *E.g.*, *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (affirming dismissal without leave to amend where amendment was futile).

## III.   DISCUSSION

As an initial matter, the Court notes that Plaintiff appears to be a serial litigant in this District, having filed at least ten other actions in the last two years alone. These cases and their procedural postures are as follows:

- ***Marcos-Chavela v. United States Sports Teams*, C22-980:** Dismissed with prejudice as frivolous and without leave to amend. *See* Dkt. No. 6.

- ***Marcos-Chavela v. Graham*, C22-1035:** Dismissed with prejudice for failure to state a claim, after leave to amend was granted but no amendment was filed. *See* Dkt. No. 8.

- ***Marcos-Chavela v. Obama*, C22-853:** Dismissed without prejudice by adoption of report and recommendation. *See* Dkt. No. 6.

- ***Marcos-Chavela v. Multnomah County Circuit Court of the State of Oregon*, C22-854:** Transferred *sua sponte* to the District of Oregon. *See* Dkt. No. 4.

- ***Marcos-Chavela v. State of Utah*, C22-975:** Dismissed with prejudice as frivolous and for failure to state a claim, without leave to amend. *See* Dkt. No. 6.

- ***Marcos-Chavela v. United States Supreme Court*, C22-976:** Dismissed with prejudice for failure to state a claim, without leave to amend. *See* Dkt. No. 7.

- ***Marcos-Chavela v New York City 9-11 Memorial Museum*, C22-1060:** Dismissed with prejudice as frivolous and for improper venue. *See* Dkt. No. 3.

- ***Marcos-Chavela v. Biden*, C22-1666:** Dismissed without prejudice but with leave to amend. *See* Dkt. No. 6. The case was later closed for failure to amend, and a subsequent Ninth Circuit appeal was dismissed for failure to prosecute.

- ***Marcos-Chavela v. Social Security*, C23-875:** The court found that the complaint fails to state a claim and granted leave to amend by July 13, 2023, warning that the case will be dismissed without prejudice otherwise. *See* Dkt. No. 6.

- ***Marcos-Chavela v. Commissioner of Social Security*, C23-876:** Complaint filed on June 16, 2023, remains pending.

Of these ten cases, seven were dismissed early in the proceedings, one was transferred out of the District, one is close to dismissal, and one is a case that was filed within the last month. Plaintiff is cautioned that continuing to file numerous, frequent lawsuits that have little to no substantive merit may result in being declared a "vexatious litigant" and limited in her ability to file lawsuits in this District in the future. *See, e.g.*, *In re Tam Tran*, No. C23-5279, Dkt. No. 4 (W.D. Wash. Apr. 21, 2023) (order noting intent to enter bar order against vexatious litigant for filing 25 cases in under a year in this District).

In any case, Plaintiff's complaint in this action suffers from a myriad of issues that doom her claims. The Court lists some of the most significant of these issues below.

**A.    Lack of Standing**

Notably, one of Plaintiff's recently dismissed actions involved familiar allegations and claims, with Plaintiff objecting to various political figures and entities allegedly promoting such "political party ideology" as "trans culture," LGBTQIA+ rights, and the Black Lives Matter movement. *See Marcos-Chavela v. Biden*, No. C22-1666, Dkt. No. 5 (W.D. Wash. Nov. 28, 2022). The case was dismissed in part for a failure to allege an injury-in-fact. *Biden*, No. C22-1666, Dkt. No. 6 (Feb. 9, 2023). This above-captioned matter suffers from the same deficiency.

Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Standing" examines whether a plaintiff is entitled to bring their claims before the court and is an essential ingredient of determining a court's jurisdiction. *See Perry v. Newsom*, 18 F.4th 622, 630–31 (9th Cir. 2021). For a plaintiff to have standing to bring a lawsuit, she must demonstrate an injury that is "concrete, particularized, and actual or imminent" (also known as the "injury-in-fact"), that the injury is "fairly traceable to the challenged action," and that such injury is "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). For an injury-in-fact to be "concrete," the injury "must actually exist." *Perry*, 18 F.4th at 631 (quoting *Spokeo v. Robins*, 578 U.S. 330, 1548 (2016)). And for an injury-in-fact to be "particularized," the injury must affect the claimant "in a personal and individual way." *Id.* (quoting *Spokeo*, 578 U.S. at 1548).

Plaintiff fails to plead an injury-in-fact. She does not allege any actual (or imminent) injury she suffered as a result of the alleged misconduct: the display of pro-LGBTQIA+ flags. In

1  particular, the relief she seeks, which includes "billions" in unspecified currency and references

2  to the Taj Mahal and other difficult-to-decipher components, seems completely untethered to the

3  allegations in the Complaint. Dkt. No. 5 at 7. Further, Plaintiff fails to show that any injury she

4  suffered was particularized, as she admits that the alleged conducted affected the general

5  public—such as those present in the Lumen Field stadium and readers of the Seattle Times—and

6  provides no indication that she suffered any individualized harm separate and distinct from that

7  of the public. *Id.* at 6; *see Perry*, 18 F.4th at 634 ("A purported injury is an impermissible

8  generalized grievance when the interest of the party asserting it is plainly undifferentiated and

9  common to all members of the public." (internal quotation marks omitted) (quoting *Lance v.*

10  *Coffman*, 549 U.S. 437, 439 (2007))).

11     Accordingly, Plaintiff lacks standing to bring this suit, and the Court is without

12  jurisdiction over this matter.

13  **B.     Other Deficiencies**

14     The Court will grant Plaintiff leave to amend her pleadings to cure the deficiencies of her

15  Complaint, as the deficiencies of the Complaint largely stem from a lack of clarity and detail in

16  the pleadings. Because the Court will grant Plaintiff leave to amend, it briefly notes some of the

17  other significant deficiencies in the Complaint for Plaintiff to correct in any amended pleading.

18  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se

19  complaint the district court must provide the litigant with notice of the deficiencies in his

20  complaint in order to ensure that the litigant uses the opportunity to amend effectively." (quoting

21  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992))). These deficiencies include the

22  following:

23        •     Plaintiff only vaguely names "freedom of worship" and "consumer fraud" as her

24              causes of action. Dkt. No. 5 at 5. She does not provide the constitutional

provision, statute, or other specific detail to enable the Court to identify what these claims reference.

- Even construing Plaintiff's claims liberally, Plaintiff fails to plead any details showing that her ability to worship or engage in other religious activities was restricted in any way. And Plaintiff's failure to allege any fraudulent or otherwise deceptive representation (or omission) dooms her "consumer fraud" claim. *See Henderson*, 2019 WL 3996859, at *1 (holding a court should "not supply essential elements of the claim that were not initially pled").

- While her allegations are generally difficult to follow, Plaintiff fails to attribute any specific action (or inaction) to any specific Defendant in her Complaint.

- Plaintiff's claims arise out of Section 1983 and *Bivens*, which together permit the enforcement of certain individual rights against federal, state, and local officials. *See, e.g.*, *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1107 (9th Cir. 2022) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988))); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392–93 (1971) (holding the Fourth Amendment provides a cause of action to sue federal officers); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Five out of the six Defendants (all but the City of Seattle) appear to be non-governmental entities against whom a Section 1983 claim

1  cannot be asserted, and Plaintiff provides no details from which the Court might

2  infer that any of those five Defendants otherwise acted under the color of state

3  law or federal authority.

### IV.    CONCLUSION

5  Accordingly, the Court DECLINES to issue summons and DISMISSES this action without

6  prejudice for lack of subject matter jurisdiction.

7  Plaintiff is GRANTED LEAVE to file an amended complaint **within fourteen (14) days** of

8  this Order. The Court notes that Plaintiff has previously been reprimanded for the use of

9  derogatory language, including a homophobic slur. *See Biden*, No. C22-1666, Dkt. Nos. 5, 6. Yet

10 Plaintiff uses the same homophobic slur in the Complaint filed in this action. *See* Dkt. No. 5

11 at 3, 6. Such language is unpersuasive, gratuitous, and demeaning. Plaintiff is ORDERED to refrain

12 from using such language in any amended pleading or other future filings.

13 Failure to timely amend will result in the final dismissal and closure of this case.

14 Dated this 3rd day of July 2023.

Tana Lin
United States District Judge