UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN MARCOS-CHAVELA,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>OL REIGN GROUPE et al,<br><br>    Defendant-Appellees. | CASE NO. 2:23-cv-00897-TL<br><br>NINTH CIRCUIT APPEAL<br>NO. 23-35565<br><br>ORDER ON REFERRAL |

   This matter comes before the Court on the Referral Notice from the U.S. Court of Appeals for the Ninth Circuit. Dkt. No. 11. The Ninth Circuit has referred this matter back to this Court for the limited purpose of determining whether *in forma pauperis* status should continue for this appeal. *Id.*

   28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a)(3)(A) ("A party . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith or

finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . ."). A good faith appeal must seek review of at least one "non-frivolous" issue or claim. *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts rise to the level of the irrational or wholly incredible," such as allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In evaluating a complaint for frivolousness, a court is not bound to accept the truth of the plaintiff's allegations, even if they are not clearly rebutted by judicially noticeable facts. *Id.* at 32.

Having reviewed the relevant record, the Court finds that Plaintiff-Appellant Susan Marcos-Chavela brings an appeal that is frivolous and not in good faith. The Court dismissed Plaintiff-Appellant's complaint for lack of subject matter jurisdiction, finding a failure to show standing, but the Court also noted a number of other serious deficiencies with the Complaint. Dkt. No. 6 at 6–8. The Court provided Plaintiff-Appellant an opportunity to replead and cure the deficiencies of the Complaint, which Plaintiff-Appellant failed to do. The Court accordingly dismissed this action without prejudice and entered judgment against Plaintiff-Appellant. Dkt. No. 7.

In addition to the deficiencies in the Complaint that the Court has already identified (*see* Dkt. No. 6), the Court notes that Plaintiff-Appellant's case—construed liberally in Plaintiff-Appellant's favor—essentially boils down to a claim for damages for the display of certain flags at a sports stadium. Absent any details on how this display inflicted actual and particularized injury to Plaintiff-Appellant or how the six Defendant-Appellees (five of which appear to be either non-existent or private entities that Plaintiff-Appellant seeks to sue as governmental officials) can be held liable for such injury, the Court sees no path for Plaintiff-Appellant to

pursue a potentially meritorious appeal of any claim. In particular, the Court finds that the damages that Plaintiff-Appellant seeks are so astronomically high (if not outright nonexistent) that they are frivolous and cannot be taken at face value even at the pleading stage. *See Denton*, 504 U.S. at 33.

      Accordingly, the Court CERTIFIES that this appeal is frivolous and not taken in good faith. Plaintiff-Appellant's *in forma pauperis* status is REVOKED. The Clerk is DIRECTED to provide a copy of this Order to all Parties and the Ninth Circuit.

      Dated this 13th day of September 2023.

Tana Lin
United States District Judge